IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hearthside Food Solutions, LLC,[1] | Case No. 24-90587 (ARP) |
| Reorganized Debtor. | (Jointly Administered) |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Paul Pullo, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims, noticing, and solicitation agent for the Reorganized Debtor in the above-captioned chapter 11 cases.

On April 11, 2025, at my direction and under my supervision, employees of Kroll caused the following document to be served via First Class Mail on Williams, Kevin D, (ADRID: 29702440), at an address that has been redacted in the interest of privacy:

- Notice of Hearing to Consider Confirmation of the Joint Chapter 11 Plan of Reorganization of H-Food Holdings, LLC and its Affiliated Debtors and Related Voting and Objection Deadlines, a copy of which is attached hereto as **Exhibit A**

At my direction and under my supervision, employees of Kroll caused the following document to be served via First Class Mail on the date of service set forth on the Supplemental Mailing List attached hereto as **Exhibit B**:

- Notice of (I) Entry of an Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of H-Food Holdings, LLC and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date [Case No. 24-90586, Docket No. 680]

On April 30, 2025, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First Class Mail on the Supplemental Service List attached hereto as **Exhibit C**:

- Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code, a copy of which is attached hereto as **Exhibit D** (the "***Bar Date Notice***")

---

[1] The Reorganized Debtor's mailing address is 3333 Finley Road, Suite 800, Downers Grove, Illinois 60515. The chapter 11 cases of certain affiliates of the Reorganized Debtor were closed effective as of June 18, 2025.

- General Proof of Claim Form, customized to include the name and address of the party, a blank copy of which is attached hereto as **<u>Exhibit E</u>** (the "***Proof of Claim Form***")

On April 30, 2025, at my direction and under my supervision, employees of Kroll caused the Bar Date Notice and the Proof of Claim Form, (1) customized to include the name and address of the party, the debtor, amount, nature, classification of the scheduled claim, and an indication that the party appears on Schedule DEF, to be served via First Class Mail on the parties listed on the Supplemental Schedule DEF Service List attached hereto as **<u>Exhibit F</u>**, and (2) customized to include the name and address of the party and an indication that the party appears on Schedule G, to be served via First Class Mail on the parties listed on the Supplemental Schedule G Service List attached hereto as **<u>Exhibit G</u>**.

Dated: June 27, 2025

*/s/ Paul Pullo*
Paul Pullo

State of New York
County of Kings

Subscribed and sworn (or affirmed) to me on June 27, 2025, by Paul Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

<u>/s/ HERBERT BAER</u>
Notary Public, State of New York
No 01BA6205563
Qualified in Westchester County
Commission Expires May 11, 2029

**<u>Exhibit A</u>**

85405-87544

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90586 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF H-FOOD HOLDINGS, LLC AND ITS
AFFILIATED DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF:**

| | |
|---|---|
| H-Food Holdings, LLC | Case No. 24-90586 |
| HFS Sub, LLC | Case No. 24-90585 |
| HFS Matterhorn Topco, Inc. | Case No. 24-90589 |
| Matterhorn Parent, LLC | Case No. 24-90590 |
| Matterhorn Intermediate, LLC | Case No. 24-90591 |
| Matterhorn Buyer, LLC | Case No. 24-90594 |
| Hearthside USA Corporate, Inc. | Case No. 24-90595 |
| Hearthside Holdco, LLC | Case No. 24-90598 |
| Hearthside Finance Company, Inc. | Case No. 24-90592 |
| Hearthside Food Solutions, LLC | Case No. 24-90587 |
| Interbake Foods, LLC | Case No. 24-90596 |
| Ryt-way Midco, LLC | Case No. 24-90599 |
| Peacock Engineering Company II, LLC | Case No. 24-90588 |
| Hearthside USA, LLC | Case No. 24-90601 |
| Hearthside USA – CPG Partners, LLC | Case No. 24-90602 |
| Oak State Products, LLC | Case No. 24-90604 |
| Standard Functional Foods Group, LLC | Case No. 24-90606 |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA - Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).  The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

85405-01

| Quality Bakery Products, LLC | Case No. 24-90593 |
| Toll Packaging Services LLC | Case No. 24-90597 |
| Ryt-way Industries, LLC | Case No. 24-90600 |
| Matterhorn Sub, LLC | Case No. 24-90603 |
| Peacock Foods LLC | Case No. 24-90605 |
| Hearthside USA – Produce & Foodservice, LLC | Case No. 24-90607 |

**PLEASE TAKE NOTICE THAT** on **January 24, 2025**, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 395] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit acceptances for the *Second Amended Joint Chapter 11 Plan of H-Food Holdings, LLC and Its Affiliated Debtors* [Docket No. 388] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Second Amended Joint Chapter 11 Plan of H-Food Holdings, LLC and Its Affiliated Debtors* [Docket No. 389] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the Solicitation Package; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) approving the Equity Rights Offering Procedures.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 10, 2025 at 1:00 p.m. (prevailing Central Time)**, before the Honorable Alfredo R. Pérez, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Street, Courtroom 400, Houston, Texas, 77002.

---

**PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT AND BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**. The voting record date was **January 24, 2025,** which was the date for determining which Holders of Claims in Classes 3, 4, 5, and 6, as applicable, are entitled to vote on the Plan.

**Voting Deadline**. The deadline for voting on the Plan is on **March 3, 2025 at 4:00 p.m.,** prevailing Central Time (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*: (a) follow the instructions carefully; (b) complete *all* of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that your Ballot, or a Master Ballot with your vote (as applicable), is *actually received* by the Debtors' Claims, Noticing and Claims and Noticing Agent, Kroll Restructuring Administration LLC (the "Claims and Noticing

---

[2]    Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

Agent") on or before the Voting Deadline. ***A failure to follow such instructions may disqualify your vote***.

**Parties in Interest Entitled to Vote.**  Holders of Claims or Interests in Class 3 (First Lien Claims), Class 4 (Second Lien Term Loan Claims), Class 5 (Senior Unsecured Notes Claims), and Class 6 (General Unsecured Claims) are entitled to vote on the Plan and will receive an appropriate form of Ballot.  If you disagree with the amount set forth by the Debtors for your Claim or Interest in the Schedules or if you have filed a proof of claim and disagree with either (a) the Debtors' objection to your Claim or Interest and believe that you should be entitled to vote on the Plan or (b) the Debtors' classification or request for estimation of your Claim or Interest and believe that you should be entitled to vote on the Plan in a different amount or class, then you must serve on the parties identified in the paragraph below and file with the Bankruptcy Court a motion (a "Rule 3018(a) Motion") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim or Interest in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before **February 25**, **2025 at 4:00 p.m. (Prevailing Central Time)**.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

**Parties in Interest Not Entitled to Vote**.  Holders of Claims or Interests in Class 1 (Other Secured Claims), Class 2 (Priority Non-Tax Claims), Class 7 (Intercompany Claims), Class 8 (Section 510(b) Claims), Class 9 (Intercompany Interests), and Class 10 (Existing Equity Interests) are not entitled to vote on the Plan and will not receive a Ballot.

**Additional Information.**  Any party in interest wishing to obtain information about the Solicitation Procedures or copies of the Disclosure Statement, the Plan, or Solicitation Package should contact the Debtors' Claims and Noticing Agent by email at HFSInfo@ra.kroll.com (with "HFS Solicitation Inquiry" in the subject line) or by calling (888) 510-7189 (U.S./Canada, toll-free) or +1 (646) 937-7810 (international).  Interested parties may also review the Disclosure Statement and the Plan free of charge at https://cases.ra.kroll.com/HFS.  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website: https://www.txs.uscourts.gov/page/bankruptcy-court. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at www.pacer.uscourts.gov.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

> ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.D CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Confirmation Objection Deadline**. The deadline for filing objections to the Plan is **March 3, 2025, at 4:00 p.m.**, prevailing Central Time (the "Plan Confirmation Objection Deadline").  All objections to the relief sought at the Confirmation Hearing ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court; (c) state the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the

Plan that would resolve such objection; and (d) be filed with the Court so as to be ***actually received*** on or before the Plan Confirmation Objection Deadline.

**Please be advised that Article VIII of the Plan contains the following release, exculpation, and injunction provisions:**

Article VIII.C of the Plan provides for a release by the Debtors (the "<u>Debtor Release</u>"):

**Notwithstanding anything contained in the Plan to the contrary, as of the Plan Effective Date, except for the rights and remedies that remain in effect to enforce the Plan, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, on and after the Plan Effective Date, the Released Parties are deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by and on behalf of the Debtors, the Reorganized Debtors, and the Estates, in each case on behalf of themselves and their respective successors and assigns, representatives and any and all other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, whether liquidated or unliquidated, fixed or contingent, mature or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, contract, tort or otherwise, by statute, violations of federal or state securities laws or otherwise that the Debtors, the Reorganized Debtors, the Estates, or their Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Chapter 11 Cases, the Debtors, any Restructuring Transactions, the governance, management, transactions, ownership, or operation of the Debtors, the purchase, sale or rescission of any security of or Claim against the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, execution, filing, solicitation, entry into, and/or consummation of the Plan, the Plan Supplement, the Disclosure Statement, the Restructuring Support Agreement, DIP Facility, DIP Credit Agreement, Exit Revolving Facility, Exit First Lien Term Loan Facility, the Equity Rights Offering, the Definitive Documents, or related contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or Confirmation Order in lieu of such legal opinion) created or entered into in connection with the foregoing, the pursuit of confirmation and consummation of the Plan, the administration and implementation of the Plan or Confirmation Order, including the issuance or distribution of securities pursuant to the Plan (including, but not limited to, the Reorganized Equity), or the distribution of property under the Plan, or any other agreement, act or omission, transaction, event, or other occurrence taking place on or before the Plan Effective Date. Notwithstanding anything to the contrary in the foregoing, (I) the releases set forth in**

**ARTICLE VIII.C of the Plan shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission judicially determined by a Final Order to have constituted intentional fraud (provided that fraud shall not exempt from the scope of these Debtor releases any Claims or Causes of Action arising under sections 544 or 548 of the Bankruptcy Code or state laws governing fraudulent or otherwise avoidable transfers or conveyances), gross negligence, recklessness or willful misconduct, or (ii) releasing any contractual, post- Plan Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, and (II) to the extent that the special committee of officers of Matterhorn Buyer, LLC determines to recommend that any Debtor should not grant releases in favor of any party with respect to any Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including those that are proposed to be released herein by the Debtors, any such releases given by the Debtors will be null and void against such party and its Related Parties.**

Article VIII.D of the Plan provides for a third-party release by the Releasing Parties (the "Third-Party Release"):

**Notwithstanding anything contained in the Plan to the contrary, as of the Plan Effective Date, except for the rights and remedies that remain in effect to enforce the Plan, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, except as otherwise provided in the Plan or in the Confirmation Order, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Plan Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released, and discharged the Debtors, the Reorganized Debtors, the Estates, and the Released Parties, in each case on behalf of themselves and their respective successors and assigns, representatives and any other Persons that may purport to assert any Cause of Action derivatively, by or through the foregoing Persons, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims or Causes of Action asserted or that may be asserted on behalf of the Debtors or their Estates, that such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, whether liquidated or unliquidated, fixed or contingent, mature or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Plan Effective Date, including any Claims or Causes of Action based on or relating to, or in any manner arising from, in whole or in part, the Chapter 11 Cases, the Debtors, any Restructuring Transaction, the governance, management, transactions, ownership, or operation of the Debtors, the purchase, sale or rescission of any security of or Claim Against the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, execution, filing, solicitation, entry into, and/or consummation of the Plan, the Plan**

**Supplement, the Disclosure Statement, the Restructuring Support Agreement, the DIP Facility, DIP Credit Agreement, Exit Revolving Facility, Exit First Lien Term Loan Facility, the Equity Rights Offering, the Definitive Documents, or related contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or Confirmation Order in lieu of such legal opinion) created or entered into in connection with the foregoing, the pursuit of confirmation and consummation of the Plan, the administration and implementation of the Plan or Confirmation Order, including the issuance or distribution of securities pursuant to the Plan (including, but not limited to, the Reorganized Equity), or the distribution of property under the Plan, or any other agreement, act or omission, transaction, event, or other occurrence taking place on or before the Plan Effective Date. Notwithstanding anything to the contrary in the foregoing, the (I) releases set forth in <u>ARTICLE VIII.D</u> of the Plan shall not be construed as (i) releasing any Released Party from Claims or Causes of Action arising from an act or omission judicially determined by a Final Order to have constituted intentional fraud (provided that fraud shall not exempt from the scope of these Debtor releases any Claims or Causes of Action arising under sections 544 or 548 of the Bankruptcy Code or state laws governing fraudulent or otherwise avoidable transfers or conveyances), gross negligence, recklessness or willful misconduct, or (ii) releasing any contractual, post- Plan Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, and (II) to the extent that the special committee of officers of Matterhorn Buyer, LLC determines to recommend that any Debtor should not grant releases in favor of any party with respect to any Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, any such releases given by the Consenting Stakeholders will be null and void and the Consenting Stakeholders will have no obligations to offer or consent to such releases of such party or any of its Related Parties.**

Article VIII.E of the Plan provides for releases of Directors and Officers of Wage and Labor Laws:

> As of the Effective Date, all current and former directors, managers, officers, employees, and managing agents of the Debtors will be deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged, to the maximum extent permitted by law, by all current and former employees, full-time workers, part-time workers, temporary workers, or workers placed by third-party staffing agencies (each, an "Employee") unless such Employee expressly elects in writing to opt-out of the releases, from any and all Claims and Causes of Action whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such Employee or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons claiming under or through them have, had or would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of any Employee or other Person, arising out of or relating to, in whole or in part, the employment of the Employee by the Debtors,

85405-01

including any Claims arising under or related to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., or any related or similar federal or state wage and labor laws.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, *"RELEASED PARTY"* MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH: (A)(I) THE DEBTORS, (II) THE REORGANIZED DEBTORS, (III) THE CONSENTING STAKEHOLDERS, (IV) THE FIRST LIEN AGENT, (V) THE SECOND LIEN AGENT, (VI) THE SENIOR UNSECURED NOTES TRUSTEE, AND (VII) EACH HOLDER OF A FIRST LIEN CLAIM, SECOND LIEN TERM LOAN CLAIM OR SENIOR UNSECURED NOTES CLAIM THAT VOTES FOR, AND DOES NOT OBJECT TO, THE PLAN, AND (B) WITH RESPECT TO EACH OF THE FOREGOING ENTITIES AND PERSONS IN CLAUSE (A), ALL OF THEIR RESPECTIVE RELATED PARTIES TO THE MAXIMUM EXTENT PERMITTED BY LAW; *PROVIDED*, THAT ANY ENTITY OR PERSON THAT OPTS OUT OF OR TIMELY OBJECTS EITHER THROUGH (1) A FORMAL OBJECTION FILED ON THE DOCKET OF THE CHAPTER 11 CASES OR (2) AN INFORMAL OBJECTION PROVIDED TO THE DEBTORS BY ELECTRONIC MAIL, AND SUCH OBJECTION IS NOT WITHDRAWN ON THE DOCKET OF THE CHAPTER 11 CASES OR VIA ELECTRONIC MAIL, AS APPLICABLE, BEFORE CONFIRMATION TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.D</u> OF THE PLAN SHALL NOT BE DEEMED A RELEASED PARTY.

UNDER THE PLAN, *"RELEASING PARTIES"* MEANS, COLLECTIVELY, EACH OF THE FOLLOWING IN THEIR CAPACITY AS SUCH: (I) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO ACCEPT THE PLAN, (II) ALL HOLDERS OF CLAIMS OR INTERESTS THAT ARE DEEMED TO ACCEPT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN, (III) ALL HOLDERS OF CLAIMS OR INTERESTS THAT VOTE TO REJECT THE PLAN OR ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN, (IV) ALL HOLDERS OF CLAIMS OR INTERESTS WHO ABSTAIN FROM VOTING ON THE PLAN AND WHO DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASES PROVIDED BY THE PLAN; (V) EACH RELEASED PARTY, (VI) EACH RELATED PARTY TO EACH ENTITY IN CLAUSE (I) THROUGH (V) SOLELY TO THE EXTENT SUCH RELATED PARTY MAY ASSERT CLAIMS OR CAUSES OF ACTION ON BEHALF OF OR IN A DERIVATIVE CAPACITY BY OR THROUGH AN ENTITY IN CLAUSE (I) THROUGH (V); *PROVIDED*, *THAT*, IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT: (X) ELECTS TO OPT OUT OF THE RELEASES SET FORTH IN <u>ARTICLE VIII.D</u> OF THE PLAN; OR (Y) TIMELY OBJECTS TO THE RELEASES SET FORTH IN <u>ARTICLE VIII.D</u> OF THE PLAN, EITHER THROUGH (1) A FORMAL OBJECTION FILED ON THE DOCKET OF THE CHAPTER 11 CASES OR (2) AN INFORMAL OBJECTION PROVIDED TO THE DEBTORS BY ELECTRONIC MAIL, AND SUCH OBJECTION IS NOT WITHDRAWN ON THE DOCKET OF THE CHAPTER 11 CASES OR VIA ELECTRONIC MAIL, AS APPLICABLE, BEFORE CONFIRMATION; *PROVIDED FURTHER*, *THAT,* FOR THE AVOIDANCE OF DOUBT, IN NO CASE, SHALL A MINOR (AS DEFINED UNDER APPLICABLE STATE LAW) BE A RELEASING PARTY.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, WITH RESPECT TO (X) ANY ENTITY OR PERSON, SUCH ENTITY'S OR PERSON'S PREDECESSORS, SUCCESSORS AND ASSIGNS, PARENTS, SUBSIDIARIES, AFFILIATES, AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED OR ADVISED ACCOUNTS, FUNDS, OR OTHER ENTITIES, AND INVESTMENT ADVISORS, SUB-ADVISORS, OR MANAGERS, (Y) WITH RESPECT TO EACH OF THE FOREGOING IN CLAUSE (X), SUCH ENTITY'S OR PERSON'S RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, PRINCIPALS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY AND ANY FUND MANAGERS, FIDUCIARIES, OR OTHER AGENTS WITH ANY INVOLVEMENT RELATED TO THE DEBTORS), MEMBERS, PARTNERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, ACTUARIES, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS AND OTHER PROFESSIONALS; AND (Z) WITH RESPECT TO EACH OF THE FOREGOING IN CLAUSE (X), SUCH ENTITY'S OR PERSON'S RESPECTIVE HEIRS, EXECUTORS, ESTATES, SERVANTS, AND NOMINEES.

Article VIII.F of the Plan provides for an exculpation of certain parties (the "Exculpation"):

**Without affecting or limiting the releases set forth in ARTICLE VIII.C and ARTICLE VIII.D of the Plan, and notwithstanding anything herein to the contrary, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the Plan, the Plan Supplement, the Disclosure Statement, the Restructuring Support Agreement, the DIP Facility, DIP Credit Agreement, Exit Revolving Facility, Exit First Lien Term Loan Facility, the Equity Rights Offering, the Definitive Documents, the formulation, preparation, dissemination, negotiation of any of the foregoing or any contract, instrument, release, or other agreement or document created or entered into in connection with any of the foregoing, the pursuit of confirmation of the Plan, the solicitation of votes on the Plan, or participation in the New Reorganized Debt and the Equity Rights Offering, the pursuit of consummation of the Plan Effective Date, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Plan Effective Date related or relating to the foregoing, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted intentional fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon completion of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or**

regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable laws, rules, or regulations protecting such Exculpated Parties from liability.

Definitions Related to the Exculpation:

UNDER THE PLAN, "*EXCULPATED PARTIES*" MEANS EACH OF THE EXCULPATED FIDUCIARIES IN THEIR CAPACITY AS SUCH AND, IN EACH CASE, TO THE MAXIMUM EXTENT PERMITTED BY LAW.

UNDER THE PLAN, "*EXCULPATED FIDUCIARIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN THEIR CAPACITIES AS SUCH DURING THE CHAPTER 11 CASES (I) THE DEBTORS AND (II) THE CREDITORS' COMMITTEE.

Article VIII.G of the Plan establishes an injunction (the "Injunction"):

UPON ENTRY OF THE CONFIRMATION ORDER, ALL HOLDERS OF CLAIMS AND INTERESTS AND OTHER PARTIES IN INTEREST, ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES SHALL BE ENJOINED FROM TAKING ANY ACTIONS TO INTERFERE WITH THE IMPLEMENTATION OR CONSUMMATION OF THE PLAN IN RELATION TO ANY CLAIM EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE DEBTORS AND OTHER PARTIES IN INTEREST (OTHER THAN CLAIMS THAT ARE REINSTATED UNDER THE PLAN), ALONG WITH THEIR RESPECTIVE PRESENT OR FORMER EMPLOYEES, AGENTS, OFFICERS, DIRECTORS, PRINCIPALS, AFFILIATES, AND RELATED PARTIES, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE PLAN EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED COMPANY, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.F OF THE PLAN WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS, WHETHER DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND, DIRECTLY OR INDIRECTLY, AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF

SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY
OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH
ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY
SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH
SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT
EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN
INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY
ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO
APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN
ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT
OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR
INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

THE INJUNCTIONS IN THIS ARTICLE VIII.G SHALL EXTEND TO ANY
SUCCESSORS OF THE DEBTORS, THE REORGANIZED COMPANY, THE RELEASED
PARTIES, AND THE EXCULPATED PARTIES AND THEIR RESPECTIVE PROPERTY
AND INTERESTS IN PROPERTY.

**NOTWTHSTANDING ANYTHING TO THE CONTRARY HEREIN, IF A
HOLDER OF A CLAIM OR INTEREST TIMELY OPTS OUT OF OR OBJECTS TO THE
RELEASES SET FORTH IN ARTICLE VIII.D OF THE PLAN EITHER THROUGH (1)
A FORMAL OBJECTION FILED ON THE DOCKET OF THE CHAPTER 11 CASES OR
(2) AN INFORMAL OBJECTION PROVIDED TO THE DEBTORS BY ELECTRONIC
MAIL, AND SUCH OBJECTION IS NOT WITHDRAWN ON THE DOCKET OF THE
CHAPTER 11 CASES OR VIA ELECTRONIC MAIL, AS APPLICABLE, BEFORE THE
CONFIRMATION DATE, SUCH HOLDER SHALL NOT BE BOUND BY THE
RELEASES SET FORTH IN ARTICLE VIII.D OR THE INJUNCTION SET FORTH IN
THIS ARTICLE VIII.G WITH RESPECT TO THE RELEASED PARTIES (OTHER
THAN THE DEBTORS, THE REORGANIZED COMPANY, OR THE EXCULPATED
PARTIES); PROVIDED THAT, THE INJUNCTION SET FORTH IN THIS ARTICLE
VIII.G SHALL STILL APPLY TO (I) CLAIMS SUBJECT TO THE EXCULPATION SET
FORTH IN ARTICLE VIII.F AND (II) ANY ACTIONS AGAINST THE DEBTORS, THE
REORGANIZED COMPANY, OR THE EXCULPATED PARTIES; PROVIED
FURTHER, THAT THE INJUNCTION PROTOCOL SET FORTH IN ARTICLE VIII.G.1
SHALL STILL APPLY AND ANY SUCH HOLDER SHALL BE BOUND BY THE
INJUNCTION PROTOCOL.**

1.      Injunction Protocol

**NO PERSON OR ENTITY MAY COMMENCE OR PURSUE A CLAIM OR
CAUSE OF ACTION OF ANY KIND AGAINST THE DEBTORS, THE REORGANIZED
DEBTORS, OR THE RELEASED PARTIES THAT RELATES TO OR IS REASONABLY
LIKELY TO RELATE TO ANY ACT OR OMISSION IN CONNECTION WITH,
RELATING TO, OR ARISING OUT OF A CLAIM OR CAUSE OF ACTION RELATED
TO THE CHAPTER 11 CASES PRIOR TO THE PLAN EFFECTIVE DATE, WITHOUT
REGARD TO WHETHER SUCH PERSON OR ENTITY IS A RELEASING PARTY,
WITHOUT THE BANKRUPTCY COURT (1) FIRST DETERMINING, AFTER NOTICE**

85405-01

AND A HEARING, THAT SUCH CLAIM OR CAUSE OF ACTION REPRESENTS A COLORABLE CLAIM OF ANY KIND AND (2) SPECIFICALLY AUTHORIZING SUCH PERSON OR ENTITY TO BRING SUCH CLAIM OR CAUSE OF ACTION AGAINST ANY SUCH DEBTOR, REORGANIZED DEBTOR, OR RELEASED PARTY (THE "INJUNCTION PROTOCOL"). THE BANKRUPTCY COURT WILL HAVE SOLE AND EXCLUSIVE JURISDICTION TO ADJUDICATE THE UNDERLYING COLORABLE CLAIM OR CAUSE OF ACTION.

## ADDITIONAL INFORMATION

**Obtaining the Solicitation Package**. The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a flash drive), please feel free to contact the Debtors' Claims and Noticing Agent, by: (a) visiting the Debtors' restructuring website at https://cases.ra.kroll.com/HFS/, (b) emailing HFSInfo@ra.kroll.com (with "HFS Solicitation Inquiry" in the subject line), (c) calling (888) 510-7189 (U.S./Canada, toll free) or +1 (646) 937-7810 (international), or (d) writing to H-Food Holdings Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232.  You may also obtain copies of any pleadings filed in these chapter 11 cases for free at https://cases.ra.kroll.com/HFS/ or for a fee via PACER at: http://www.txs.uscourts. gov (the required PACER password can be obtained at www.pacer.uscourts.gov).

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, the Solicitation Package, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file the Plan Supplement (as defined in the Plan) on or before **February 14, 2025**, and will serve notice on all Holders of Claims and Interests entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**Notice of Assumption of Executory Contracts and Unexpired Leases and Related Procedures**.  Please take notice that, in accordance with Article V of the Plan, each Executory Contract and Unexpired Lease (including those set forth in the Assumption Schedule) shall be assumed and assigned to the applicable Reorganized Debtor in accordance with the provisions and requirements of section 365 and 1123 of the Bankruptcy Code, other than: (i) those that are identified on the Rejection Schedule; (ii) those that have been previously rejected by a Final Order; (iii) those that are the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (iv) those that are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

---

**BINDING NATURE OF THE PLAN:**

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR**

85405-01

**INTERESTS TO THE <u>MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW,</u> <u>WHETHER OR NOT SUCH HOLDER</u> WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

**IF YOU FAIL TO OPT OUT OF OR OBJECT BY MARCH 3, 2025 EITHER THROUGH (1) A FORMAL OBJECTION FILED ON THE DOCKET OF THE CHAPTER 11 CASES OR (2) AN INFORMAL OBJECTION PROVIDED TO THE DEBTORS BY ELECTRONIC MAIL, AND SUCH OBJECTION IS NOT WITHDRAWN ON THE DOCKET OF THE CHAPTER 11 CASES OR VIA ELECTRONIC MAIL, AS APPLICABLE, BEFORE CONFIRMATION TO THE RELEASES SET FORTH IN <u>ARTICLE VIII</u> OF THE PLAN, YOU WILL BE DEEMED TO CONSENT TO AND BE BOUND BY THE RELEASES SET FORTH IN THE PLAN, TO THE EXTENT APPLICABLE.**

**<u>Exhibit B</u>**

Exhibit B
Supplemental Mailing List
Served via First Class Mail on the date of service set forth below

| AddressID | Name | Address1 | City | State | Postal Code | Date of Service |
|---|---|---|---|---|---|---|
| 29680492 | ABRAMS, SABRINA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29680603 | ADEWUMI, OLUSOLA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29704985 | ADKINSON, NATHANIEL | ADDRESS ON FILE | | | | May 6, 2025 |
| 29680821 | ALEXANDER, BRADLEY MICHAEL | ADDRESS ON FILE | | | | May 6, 2025 |
| 29705147 | ANDERSON BROWN, DEVANTE | ADDRESS ON FILE | | | | May 6, 2025 |
| 29681164 | ANDREWS, JUSTIN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29681418 | ARRITT, SEAN WILLIAM | ADDRESS ON FILE | | | | April 29, 2025 |
| 29681692 | BAEZ, ANTONIO P. | ADDRESS ON FILE | | | | April 29, 2025 |
| 29705254 | BAHORICH, JOHN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29681714 | BAILEY, NEIL | ADDRESS ON FILE | | | | May 6, 2025 |
| 29682045 | BAZAREK, LAUREL CLAIRE | ADDRESS ON FILE | | | | May 6, 2025 |
| 29682265 | BERISTAIN, BEATRIZ | ADDRESS ON FILE | | | | April 29, 2025 |
| 29682664 | BOYKO, BRIGETT | ADDRESS ON FILE | | | | April 29, 2025 |
| 29682758 | BRECKER, JEFFREY N | ADDRESS ON FILE | | | | April 29, 2025 |
| 29683326 | CAMERON, JAIKERIA ITEYONNA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29705646 | CARROLL, SHELLEY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29705778 | CHRISTOPHER, JEREMY DAVID | ADDRESS ON FILE | | | | April 29, 2025 |
| 29684467 | CONWAY, COURTNEY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29705864 | COOLEY, MARY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29684634 | COX, JERRY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29684777 | CRUZ DE LUNA, LUIS A | ADDRESS ON FILE | | | | April 29, 2025 |
| 29685051 | DAVENPORT, SCOTTY K | ADDRESS ON FILE | | | | April 29, 2025 |
| 29685189 | DEAL, JAKAYLA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29685806 | DUBOIS, VICTOR PIERCE | ADDRESS ON FILE | | | | April 29, 2025 |
| 29706097 | DURAN TORRES, JONATHAN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29685989 | EDWARDS, DOUGLAS | ADDRESS ON FILE | | | | April 29, 2025 |
| 29686034 | ELIZONDO, MARGARITA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29686260 | ESTOCK, CHRIS | ADDRESS ON FILE | | | | April 29, 2025 |
| 29686288 | EUBANK, WILLIAM | ADDRESS ON FILE | | | | April 29, 2025 |
| 29686474 | FENNELL, DAVID SCOTT | ADDRESS ON FILE | | | | May 6, 2025 |

In re: Hearthside Food Solutions, LLC
Case No. 24-90587 (ARP)

Exhibit B

Supplemental Mailing List

Served via First Class Mail on the date of service set forth below

| AddressID | Name | Address1 | City | State | Postal Code | Date of Service |
|---|---|---|---|---|---|---|
| 29686821 | FOX, MICHAEL | ADDRESS ON FILE | | | | April 29, 2025 |
| 29687020 | GAJAFO, AMBACHEW BALILA | ADDRESS ON FILE | | | | May 6, 2025 |
| 29687679 | GOMEZ, JESUS | ADDRESS ON FILE | | | | April 29, 2025 |
| 29688508 | HARA, BRITTANY | ADDRESS ON FILE | | | | May 6, 2025 |
| 29688532 | HARDT, CHRISTINA ANN | ADDRESS ON FILE | | | | May 6, 2025 |
| 29706745 | HART, DAKAYLA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29688680 | HAWKINS, EARL | ADDRESS ON FILE | | | | May 6, 2025 |
| 29688718 | HAYNES, TIMARUS LAMMAR | ADDRESS ON FILE | | | | May 6, 2025 |
| 29706934 | HOWINGTON, ZEDEKIAH | ADDRESS ON FILE | | | | May 6, 2025 |
| 29689744 | INTERNATIONAL DUNNAGE, LLC | 2217 ROWLAND AVE | SAVANNAH | GA | 31404-4434 | April 29, 2025 |
| 29690051 | JERNBERG, TERRY LEE | ADDRESS ON FILE | | | | April 29, 2025 |
| 29690067 | JESSY, JESTY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29690343 | JONES, MICHAEL | ADDRESS ON FILE | | | | April 29, 2025 |
| 29690528 | KAKURU, FATUMA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29690599 | KASPRZAK, MICHAEL JOSEPH | ADDRESS ON FILE | | | | May 6, 2025 |
| 29691115 | KUMBHANI, CHANDRIKAGORI | ADDRESS ON FILE | | | | April 29, 2025 |
| 29691374 | LAWSON, JUSTIN TAYLOR | ADDRESS ON FILE | | | | April 29, 2025 |
| 29691382 | LAWSON, TRAVIS | ADDRESS ON FILE | | | | May 6, 2025 |
| 29691647 | LIGUE, WILLIAM ROBERT | ADDRESS ON FILE | | | | April 29, 2025 |
| 29692363 | MAKSOUT, ARBEN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29692726 | MARVEL, ANTHONY | ADDRESS ON FILE | | | | May 6, 2025 |
| 29707759 | MAY, DUSTIN DEAN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29693032 | MCMAINS, KREEDON | ADDRESS ON FILE | | | | May 6, 2025 |
| 29693076 | MEARS, CHRISTOPHER EVERETT | ADDRESS ON FILE | | | | April 29, 2025 |
| 29693933 | MORILLO VICUNA, RUBEN | ADDRESS ON FILE | | | | May 6, 2025 |
| 29703808 | NEWBY, KEVIN | ADDRESS ON FILE | | | | May 6, 2025 |
| 29704633 | NIUSOURCE INC. | 2721 S TOWNE AVE | POMONA | CA | 91766-6206 | May 6, 2025 |
| 29695264 | ORTEGA, STEPHANIE A | ADDRESS ON FILE | | | | May 6, 2025 |
| 29695788 | PATEL, SURESHKUMAR | ADDRESS ON FILE | | | | April 29, 2025 |
| 29695882 | PAYO, MIGUEL | ADDRESS ON FILE | | | | April 29, 2025 |

Exhibit B
Supplemental Mailing List
Served via First Class Mail on the date of service set forth below

| AddressID | Name | Address1 | City | State | Postal Code | Date of Service |
|-----------|------|----------|------|-------|-------------|-----------------|
| 29695898 | PEAK PACKAGING, INC | 16 BURROUGHS LN | SAINT LOUIS | MO | 63124-1857 | May 6, 2025 |
| 29696414 | PITTMAN, DEANNA SYMONE | ADDRESS ON FILE | | | | May 6, 2025 |
| 29696630 | PRETELL ESPINOZA, ALBERTO | ADDRESS ON FILE | | | | April 29, 2025 |
| 29696631 | PRETELL PALOMINO, TANIA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29696692 | PROC, BRADLEY | ADDRESS ON FILE | | | | April 29, 2025 |
| 29697182 | REED, PHILIP | ADDRESS ON FILE | | | | May 6, 2025 |
| 29697372 | REYNOLDS, BETHANY RUTH | ADDRESS ON FILE | | | | April 29, 2025 |
| 29697433 | RICHARDSON, BRANDON | ADDRESS ON FILE | | | | April 29, 2025 |
| 29708675 | RIVERO, MANUEL ALBERTO | ADDRESS ON FILE | | | | April 29, 2025 |
| 29697659 | ROBERTS, TIFFANY | ADDRESS ON FILE | | | | May 6, 2025 |
| 29697963 | ROMERO HERNANDEZ, MARIA D | ADDRESS ON FILE | | | | May 6, 2025 |
| 29698621 | SANTIAGO MARIE, KEISHLA | ADDRESS ON FILE | | | | May 6, 2025 |
| 29698669 | SARMIENTO, MARTHA LIDIA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29699495 | SMITH, HANNAH ELIZABETH | ADDRESS ON FILE | | | | April 29, 2025 |
| 29700047 | STOLARZ, IWONA EWA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29700218 | SWAFFORD, JAMES DEAN | ADDRESS ON FILE | | | | April 29, 2025 |
| 29701046 | TSEGAY, TEKLEWEYNI | ADDRESS ON FILE | | | | April 29, 2025 |
| 29701574 | VELEZ, SHERRY | ADDRESS ON FILE | | | | May 6, 2025 |
| 29702046 | WATSON, BRUCE | ADDRESS ON FILE | | | | April 29, 2025 |
| 29702216 | WESTBROOK, DAVID T | ADDRESS ON FILE | | | | April 29, 2025 |
| 29702383 | WILL, CHRISTINA | ADDRESS ON FILE | | | | April 29, 2025 |
| 29702609 | WOLFE, MICHAEL | ADDRESS ON FILE | | | | May 6, 2025 |
| 29709875 | YOUSSEF, RANA NABILABDELMONEIM | ADDRESS ON FILE | | | | April 29, 2025 |

**Exhibit C**

Exhibit C
Supplemental Service List
Served via first class mail

| AddressID | Name | Address1 | City | State | Postal Code |
|---|---|---|---|---|---|
| 29704915 | AT&T | PO BOX 5076 | CAROL STREAM | IL | 60197-5076 |
| 29696622 | PREFERRED SOURCING SOLUTIONS | 39850 VAN DYKE AVE | STERLINGS HTS | MI | 48313-4628 |

In re: Hearthside Food Solutions, LLC
Case No. 24-90587 (ARP)                              Page 1 of 1

**<u>Exhibit D</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| H-Food Holdings, LLC, *et al.*,[1] | Case No. 24-90568 (ARP) |
| Debtors. | (Jointly Administered) |

NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE

TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:

| DEBTOR | CASE NO. |
|---|---|
| HFS Sub, LLC | 24-90585 (ARP) |
| H-Food Holdings, LLC | 24-90586 (ARP) |
| Hearthside Food Solutions, LLC | 24-90587 (ARP) |
| Peacock Engineering Company II, LLC | 24-90588 (ARP) |
| HFS Matterhorn Topco, Inc. | 24-90589 (ARP) |
| Matterhorn Parent, LLC | 24-90590 (ARP) |
| Matterhorn Intermediate, LLC | 24-90591 (ARP) |
| Matterhorn Buyer, LLC | 24-90594 (ARP) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  HFS Sub, LLC (8177); H-Food Holdings, LLC (6072); Hearthside Food Solutions, LLC (8653); Peacock Engineering Company II, LLC (N/A); HFS Matterhorn Topco, Inc. (0765); Matterhorn Parent, LLC (4445); Matterhorn Intermediate, LLC (1574); Matterhorn Buyer, LLC (0335); Hearthside USA – Corporate, Inc. (3174); Hearthside Holdco, LLC (6206); Hearthside Finance Company, Inc. (8294); Interbake Foods, LLC (7640); Ryt-way Midco, LLC (4388); Hearthside USA, LLC (7655); Hearthside USA – CPG Partners, LLC (2282); Oak State Products, LLC (1822); Standard Functional Foods Group, LLC (4160); Quality Bakery Products, LLC (0528); Toll Packaging Services LLC (5955); Ryt-way Industries, LLC (0783); Matterhorn Sub, LLC (N/A); Peacock Foods LLC (N/A); and Hearthside USA – Produce & Foodservice, LLC (0783).   The Debtors' service address is 3333 Finley Road, Suite 800, Downers Grove, IL 60515.

| DEBTOR | CASE NO. |
|--------|----------|
| Hearthside USA - Corporate, Inc. | 24-90595 (ARP) |
| Hearthside Holdco, LLC | 24-90598 (ARP) |
| Hearthside Finance Company, Inc. | 24-90592 (ARP) |
| Interbake Foods, LLC | 24-90596 (ARP) |
| Ryt-way Midco, LLC | 24-90599 (ARP) |
| Hearthside USA, LLC | 24-90601 (ARP) |
| Hearthside USA – CPG Partners, LLC | 24-90602 (ARP) |
| Oak State Products, LLC | 24-90604 (ARP) |
| Standard Functional Foods Group, LLC | 24-90606 (ARP) |
| Quality Bakery Products, LLC | 24-90593 (ARP) |
| Toll Packaging Services LLC | 24-90597 (ARP) |
| Ryt-way Industries, LLC | 24-90600 (ARP) |
| Matterhorn Sub, LLC | 24-90603 (ARP) |
| Peacock Foods LLC | 24-90605 (ARP) |
| Hearthside USA – Produce & Foodservice, LLC | 24-90607 (ARP) |

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU SHOULD FILE YOUR PROOF OF CLAIM IMMEDIATELY. YOU SHOULD NOT WAIT FOR THE DEBTORS TO FILE THEIR SCHEDULES BEFORE FILING YOUR PROOF OF CLAIM.**

**PLEASE TAKE NOTICE THAT:**

On **November 22, 2024** (the "Petition Date"), H-Food Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On December 17, 2024 the Court entered an order [Docket No. 208] (the "<u>Bar Date Order</u>")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("<u>Proofs of Claim</u>").

For your convenience, enclosed with this notice (this "<u>Notice</u>") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

**A.      THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (the "<u>Bar Dates</u>").

> a.      **The General Bar Date.** Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received** by **January 24, 2025, at 5:00 p.m. (prevailing Central Time)**. Except as expressly set forth in this Notice and the Bar Date Order, the General Bar Date applies to all types of claims

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   **The Governmental Bar Date.**  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim so that they are **actually received** by **May 21, 2025, at 5:00 p.m. (prevailing Central Time)**. The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.   **The Amended Schedules Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims affected by any amendment or supplement to the Debtors' Schedules are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, or (ii) 5:00 p.m., prevailing Central Time, on the date that is twenty-one (21) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.**

d.   **The Rejection Damages Bar Date**.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are **actually received by the later of (i) the General Bar Date or Governmental Bar Date, as applicable, (ii) the date set forth in an order authorizing the Debtors to reject an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code (including the order confirming a Plan in the Debtors' chapter 11 cases), or (iii) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving rejection of the applicable executory contract or unexpired lease of the Debtors.**  For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of non-residential real property shall not be required to file a Proof of Claim against any of the Debtors on account of any actual or potential claims arising under such leases (including any claims on account of related guaranty agreements or obligations) unless and until the applicable lease is rejected by the Debtors.

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**B.      PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM**

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

a.      a claim against the Debtors for which a signed proof of claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or Kroll in a form substantially similar to Official Bankruptcy Form No. 410;

b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.      an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.      a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.      a claim of any Debtor against another Debtor;

h.      any fees payable to the U.S. Trustee under 8 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717;

i.      a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date;

j.      any claim excepted from the requirement to file a Proof of Claim pursuant to any order granting relief related to cash collateral or postpetition financing;

k.      any claim of a party to the RSA (as defined in the First Day Declaration) against any Debtor;

l.      any Unsecured Noteholder that is the holder of a Debt Claim arising under or in connection with the Debtors' Unsecured Notes; *provided* that the Unsecured Notes Indenture Trustee may file a single Unsecured Notes Master Proof of Claim in the Lead Case by the General Bar Date with respect to all of the claims thereunder.

## C.      INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under lead case number (No. 24-90586 (ARP)), or otherwise without identifying a specific Debtor, will be deemed as filed only against H-Food Holdings, LLC.

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against the first listed Debtor; *provided, however*, the filing of a 2L Master Proof of Claim or an Unsecured Notes Master Proof of Claim in the Lead Case shall also be deemed to constitute the filing of a 2L Master Proof of Claim or Unsecured Notes Master Proof of Claim, as applicable, in the chapter 11

6

cases of all other Debtors against whom a 2L Debt Claim or Unsecured Notes Debt Claim, as applicable, may be asserted under the Second Lien Credit Documents or Unsecured Notes Indenture, as applicable, or other operative documents.

f.  **Supporting Documentation**. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request. Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.  **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on Kroll's website at https://cases.ra.kroll.com/HFS or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by Kroll on or before the General Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by Hand Delivery or Overnight Mail:**

H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  **Receipt of Service**. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

**D.       CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.       YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.       THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.       YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.       SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**E.       RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.

**F.       ADDITIONAL INFORMATION**

Copies of the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://cases.ra.kroll.com/HFS. The other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov.  Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: **(888) 510-7189** (Toll Free U.S. and Canada); or **+1 (646) 937-7810** (International) or by email to **HFSinfo@ra.kroll.com**.  Please note that Kroll cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit E</u>**

**United States Bankruptcy Court, Southern District of Texas**

| Fill in this information to identify the case (Select only one Debtor per claim form): | |
|---|---|
| H-Food Holdings, LLC (Case No. 24-90586) | Toll Packaging Services LLC (Case No. 24-90597) |
| HFS Sub, LLC (Case No. 24-90585) | Hearthside Holdco, LLC (Case No. 24-90598) |
| Hearthside Food Solutions, LLC (Case No. 24-90587) | Ryt-way Midco, LLC (Case No. 24-90599) |
| Peacock Engineering Company II, LLC (Case No. 24-90588) | Ryt-way Industries, LLC (Case No. 24-90600) |
| HFS Matterhorn Topco, Inc. (Case No. 24-90589) | Hearthside USA, LLC (Case No. 24-90601) |
| Matterhorn Parent, LLC (Case No. 24-90590) | Hearthside USA – CPG Partners, LLC (Case No. 24-90602) |
| Matterhorn Intermediate, LLC (Case No. 24-90591) | Matterhorn Sub, LLC (Case No. 24-90603) |
| Hearthside Finance Company, Inc. (Case No. 24-90592) | Oak State Products, LLC (Case No. 24-90604) |
| Quality Bakery Products, LLC (Case No. 24-90593) | Peacock Foods LLC (Case No. 24-90605) |
| Matterhorn Buyer, LLC (Case No. 24-90594) | Standard Functional Foods Group, LLC (Case No. 24-90606) |
| Hearthside USA - Corporate, Inc. (Case No. 24-90595) | Hearthside USA – Produce & Foodservice, LLC (Case No. 24-90607) |
| Interbake Foods, LLC (Case No. 24-90596) | |

## <u>Modified Official Form 410</u>

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

| | | | |
|---|---|---|---|
| 1. | Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor _____ | |
| 2. | Has this claim been acquired from someone else? | ☐ No<br>☐ Yes. From whom? _____ | |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |
| 4. | Does this claim amend one already filed? | ☐ No<br>☐ Yes.   Claim number on court claims registry (if known)_____ | Filed on _____<br> MM  / DD  / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes. Who made the earlier filing? _____ | |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |

**7. How much is the claim?**   $_____. **Does this amount include interest or other charges?**

❑ No

❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❑ No

❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❑ Motor vehicle

❑ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**        $_____

**Amount of the claim that is unsecured:** $_____(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**        $_____

**Annual Interest Rate** (when case was filed)_____%

❑ Fixed

❑ Variable

**10. Is this claim based on a lease?**

❑ No

❑ Yes. **Amount necessary to cure any default as of the date of the petition.**        $_____

**11. Is this claim subject to a right of setoff?**

❑ No

❑ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br><br>❏ Yes. *Check one:* | **Amount entitled to priority** |
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No<br><br>❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>❏  I am the creditor.<br>❏  I am the creditor's attorney or authorized agent.<br>❏  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>❏  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>MM  /  DD  /  YYYY<br><br><br>_____<br>Signature<br><br>**Name of the person who is completing and signing this claim:**<br><br>Name  _____<br>First name          Middle name              Last name<br><br>Title  _____<br><br>Company  _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>Number        Street<br><br>_____<br>City                      State      ZIP Code<br><br>Contact phone  _____    Email  _____ |

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

■ **Fill in all of the information about the claim as of the date the case was filed.**

■ **Fill in the caption at the top of the form.**

■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

■ **Attach any supporting documents to this form.**
Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

■ **Do not attach original documents because attachments may be destroyed after scanning.**

■ **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/HFS.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail**:
H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery**:
H-Food Holdings, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/HFS/EPOC-Index

---

**Do not file these instructions with your form**

**<u>Exhibit F</u>**

Exhibit F

Supplemental Schedule DEF Service List

Served via First Class Mail

| AddressID | Name | Address1 | City | State | Postal Code |
|---|---|---|---|---|---|
| 29695364 | OTTAWA TIRE & SERVICE CENTER | 1436 E MAIN ST | OTTAWA | OH | 45875 |
| 29700364 | TAURA NATURAL INGREDIENTS INC. | 9950 COMMERCE PARK DRIVE #1 | WEST CHESTER | OH | 45246 |

In re: Hearthside Food Solutions, LLC

Case No. 24-90587 (ARP)

Page 1 of 1

**<u>Exhibit G</u>**

Exhibit G

Supplemental Schedule G Service List
Served via First Class Mail

| AddressID | Name | Address1 | Address2 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| 29788290 | PHOENIX FOODS | 13250 Jamboree Rd | | Irvine | CA | 92602 |
| 29787936 | PRETZEL PERFECTION | 73 OLD DUBLIN PIKE | STE 10 PMB 459 | DOYLESTOWN | PA | 18901 |

In re: Hearthside Food Solutions, LLC

Case No. 24-90587 (ARP)                           Page 1 of 1